[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS CT Page 3205
On November 22, 1991, the plaintiff filed a complaint against the defendants, the law firm of Gould, Larson, Bennet Munro (Successor Firm of Gould, Larson, Reardon Carr) (hereinafter the "firm"), and James D. Reardon (hereinafter "Reardon"), an attorney. The complaint alleges negligence, breach of contract, fraud and unfair trade practices. The following facts are taken from the complaint.
In September, 1987, the plaintiff hired the firm to represent the plaintiff in the sale of his business, Chapman Pool Spa (hereinafter the "business"). Reardon was a member of the firm from September, 1987 until October 15, 1989. On November 3, 1987, Reardon, on behalf of the firm, represented plaintiff at the closing of the sale of the business. As part of the sale plaintiff retained a security interest in some of the business' property.
Neither Reardon nor any member of the firm filed a UCC financing statement with the Secretary of the State to perfect the security interest. Plaintiff also claims that neither Reardon nor the firm informed the plaintiff of this failure. Plaintiff asserts that the failure to file the financing statement or to inform plaintiff of that fact caused the plaintiff severe injury.
On December 30, 1991, the firm filed a request to revise. On February 13, 1992, Reardon filed a motion to strike and a memorandum of law in support as to the allegation of unfair trade practices under the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). On February 26, 1992, plaintiff objected to this motion and filed a memorandum of law in opposition. This motion was argued at short calendar on March 2, 1992.
On March 13, 1992, the plaintiff filed an amended complaint. The eighth count of the amended complaint alleges that Reardon engaged in acts and practices prohibited by CUTPA. Both the fourth count of the original complaint and the eighth count of the amended complaint allege that Reardon violated CUTPA. Therefore, the motion to strike and any discussion or determination of that motion is equally CT Page 3206 applicable to the fourth count of the original complaint and the eighth count of the amended complaint.
The firm is not a party to this motion.
DISCUSSION
The function of the motion to strike is to allow a party to contest the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). The court must construe the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,540 A.2d 1185 (1988). If the court finds the facts alleged in the pleading support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
Reardon asserts that the plaintiff's claim of a CUTPA violation is not legally sufficient because CUTPA is not applicable in private actions against attorneys and, also, because the plaintiff has failed to show any public injury or violation of public policy. Plaintiff argues that CUTPA is applicable to attorneys and that no public injury need be demonstrated.
The relevant CUTPA sections of the General Statutes are as follows:
 Section 42 — 110b (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
 Section 42 — 110a (4) "Trade" and "Commerce" means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
 Section 42 — 110g(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action. . .to recover actual CT Page 3207 damages. Proof of public interest or public injury shall not be required. . .(emphasis added).
CUTPA has been held to apply to attorneys. Heslin v. Connecticut Law Clinic of Trantolo v. Trantolo, 190 Conn. 510,461 A.2d 938 (1983). However, the Heslin court added that it "need conclude only that CUTPA's regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law." Id., 520-21. In order to determine if an attorney has committed an act recoverable under CUTPA, the `cigarette rule' must be satisfied. Noble v. Marshall,23 Conn. App. 227, 229-30, 579 A.2d 594 (1990) (Denial of motion to strike affirmed on other grounds).
 The cigarette Rule consists of the following: (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public statutes, the common law, or otherwise — whether, in other words, it is common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers. . . .
A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215,579 A.2d 69 (1990); Conway v. Prestia, 191 Conn. 484, 492-93,464 A.2d 847 (1983).
For an injury to be substantial under the third prong, "[i]t must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not have reasonably have avoided." A-G Foods, Inc. v. Pepperidge Farms, Inc., supra, 216. "A practice may be unfair because of the degree to which it meets one of the criteria [of the cigarette rule] or because to a lesser extent it meets all three." Atlantic Richfield Company v. Canaan Oil Company, 202 Conn. 234, 242, 620 A.2d 1008 (1987) quoting McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 569
n. 15, 473 A.2d 1185 (1984).
In order to plead a legally sufficient CUTPA claim, a plaintiff needs to set forth facts that will satisfy any one, or to a lesser extent, all of the prongs of the cigarette rule. In the complaint, plaintiff asserts that Reardon failed to do the necessary acts to perfect a security interest and did not inform the plaintiff of such failure, thereby causing CT Page 3208 the plaintiff to suffer harm or injury. While such issues will ultimately have to be decided by their trier of fact, it is reasonable that such facts may be considered to show (1) substantial injury, (2) unethical or unscrupulous behavior or (3) practices which offend public policy or some common law or statutory concept of unfairness.
Viewing the facts as stated in the complaint, the court finds the plaintiff has pled facts that will satisfy any one, or all three of the criteria of the cigarette rule. Therefore, the plaintiff has pled a legally sufficient CUTPA claim.
Accordingly, the motion to strike is denied.
HURLEY, JUDGE