[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 116
Plaintiff, Laura Klingeman, administratrix of the estate of Todd Klingeman, brings this legal malpractice action against the following defendants: Joseph Sakal, Thomas Weihing, John Bochanis, and Gerald Bodell. The revised complaint, dated March 10, 1993, contains claims in negligence, breach of contract and unfair trade practices. The following facts are taken from the revised complaint.
In February 1984, plaintiff hired defendant, Sakal, to represent plaintiff in connection with a wrongful death action brought on behalf of plaintiff's son who was killed in a motor vehicle accident. Defendant, Sakal, contracted with defendants, Thomas Weihing, John Bochanis and Gerald Bodell of the law firm of Daly, Weihing Bodell to co-represent the plaintiff in the wrongful death action. The wrongful death action was tried to a jury from April 18, 1989 until May 8, 1989. Plaintiff's trial attorneys were defendants Sakal and Weihing. Plaintiff alleges that the defendants in the underlying wrongful death action made settlement offers to defendants, Sakal and Weihing and that Sakal and Weihing failed to fully review, recommend, advise and inform plaintiff of the significance of said offers in light of the trial evidence, court rulings and trial events. Plaintiff claims that defendants, Sakal and Weihing, urged plaintiff to CT Page 7196 reject these offers. Plaintiff further alleges that Sakal and Weihing failed to communicate the last settlement offer which was made during jury deliberations, and was of a substantial amount. In addition, plaintiff alleges that defendants failed to call pertinent and relevant witnesses to testify on behalf of plaintiff's case. Plaintiff asserts that the above stated allegations caused the plaintiff to suffer substantial injury in that the plaintiff was deprived of the opportunity to win or settle the wrongful death action.
On March 24, 1993, defendant, Sakal, filed a motion to strike the third count of plaintiff's complaint on the ground that plaintiff's claim based on the Connecticut Unfair Trade Practice Act (hereinafter CUTPA) is legally insufficient. In support of its motion, defendant, Sakal, submitted a memorandum of law. On May 12, 1993, plaintiff filed a motion in opposition to defendant's motion to strike. Defendant filed a reply memorandum in support of its motion to strike, dated March 24, 1993.
Practice Book 152 provides that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint. . . that party may do so by filing a motion to strike. . . ." (Emphasis added.) In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . [and] must construe [those facts] most favorably to the plaintiff." Gordon v. Housing Authority Authority, 208 Conn. 161,170, 491 A.2d 368 (1985).
In moving to strike plaintiff's third count, defendant asserts that a CUTPA claim is legally insufficient where it is based solely on negligence and breach of contract. Plaintiff argues that CUTPA is applicable to attorney misconduct, and whether there was an unfair or deceptive practice or practices is a question of fact to be resolved by the trial court.
Connecticut General Statutes 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110g(a) provides that any person who suffers any ascertainable loss of money or property as a result of the use or employment of unfair or deceptive acts on the party of the defendant may bring an action for damages.
"CUTPA is a remedial statute enacted to foster honesty and CT Page 7197 full disclosure in the conduct of business." Jones v. Garson,6 CSCR 514 (April 25, 1991, Nigro, J.) ". . . CUTPA's regulation of `the conduct of any trade or commerce does not totally exclude all conduct of the profession of law"' Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 520-21,461 A.2d 938 (1983). Nevertheless, "not every claimant who alleges attorney misconduct states a cause of action under the act. Ivey, Barnum O'Mara v. Indian Harbor, 190 Conn. 528, 533
(1983). For example, a violation of the Rules of Professional Conduct do not create a private cause of action under CUTPA. Noble v. Marshall, 23 Conn. App. 227, 579 A.2d 594 (1990).
Connecticut has adopted the following "cigarette rule" in determining whether a practice is unfair.
 (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether in other words it is within at least the penumbra of some common law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .
(Internal quotation marks omitted. Citations omitted.) Daddona v. Liberty Mobile Homes Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988).
Accordingly, in order to determine whether an attorney has committed an act recoverable under CUTPA, the "cigarette rule" must be satisfied. "Our Supreme Court has noted that while in certain cases all three criteria set forth in the Cigarette Rule' may be required to be satisfied, generally all need not be satisfied to support a finding of unfairness." Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601, 607, 602 A.2d 1062
(1992), citing Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242, 520 A.2d 1008 (1987).
The following cases are examples of instances where the court has found allegations of attorney misconduct to state a CT Page 7198 legally sufficient cause of action under CUTPA: Presnick v. Delton Bond, 6 Conn. L. Rptr. 475 (May 27, 1992, Langenbach, J.) (double billing, negligent work, false billing); Chapman v. Gould, Larson, Bennet Munro, 7 CSCR 488 (April 7, 1992, Hurley, J.) (failure to inform plaintiff of failure to perfect security interest); Jones v. Garson, 6 CSCR 514 (April 25, 1991, Nigro, J.) (attorney misrepresentations concerning the tax consequences of an irrevocable trust): Hennequin v. First Connecticut Small Business Investment Co., 4 CSCR 847 (November 8, 1989) (defendant lawyers knew plaintiff was unrepresented and that she misunderstood attorneys' role in closing and failed to take steps to correct misunderstanding); Alderson v. Milwe,2 CSCR 492 (March 26, 1987, Stodolink, J.) (divided loyalties where there was a conflict of interest and failure to protect client's interest could be construed as "deceptive acts" under CUTPA).
"Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . . The facts found must be viewed in the context of the totality of circumstances which are uniquely available to the trial court." Krawiec v. Blake Manor Development Corp. supra, 26 607-08. Therefore, construing the allegations in the complaint most favorably to the plaintiff, it is found that defendant Sakal's alleged failure to communicate to plaintiff the substantial settlement offer may constitute an unfair trade practice. Such conduct "may be considered to show (1) substantial injury (2) unethical or unscrupulous behavior or (3) practices which offend public policy or some common law or statutory concept of unfairness." Chapman v. Gould, Larson, Bennet Munro, supra.
For the foregoing reasons, defendant Sakal's motion to strike is denied as the plaintiff has plead a legally sufficient CUTPA claim.
LEHENY, JUDGE