[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTION TO STRIKE DATED DECEMBER 14, 1994
Facts
On November 1, 1994, the plaintiff, Michael A. Williams, filed a two count complaint against the defendants Gersten Gersten, alleging malpractice arising out of representation of the plaintiff as a general unsecured creditor in the debtor's bankruptcy proceeding, and a violation of General CT Page 92-H Statutes 42-110b(a) et. seq. ("CUTPA").
The defendants moved to strike count two because it "is legally insufficient and fails to state a claim upon which relief can be granted because the allegations do not give rise to a CUTPA violation. The conduct complained of is neither unfair nor deceptive as defined by statute and applied in the relevant case law." The defendants filed a memorandum in support of their motion to strike.
The plaintiff filed a memorandum in opposition to the motion to strike.
Discussion
A motion to strike challenges the legal sufficiency of the allegations of a complaint. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id, 215. The motion to strike admits all well pleaded facts. Ferryman v. Groton, CT Page 92-I212 Conn. 138, 142, 561 A.2d 432 (1989). This includes facts necessarily implied from the allegations, but does not include legal conclusions or opinions stated in the complaint.Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992).
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The determination of whether a practice violates CUTPA depends on:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, CT Page 92-J or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
(Citations omitted; internal quotation marks omitted.)Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,105-06, 612 A.2d 1130 (1992).
"Our Supreme Court has noted that while in certain cases all three criteria set forth in the `Cigarette Rule' may be required to be satisfied, generally all need not be satisfied to support a finding of unfairness." Krawiec v. BlakeManor Development Corp. , 26 Conn. App. 601, 607, 602 A.2d 1062
(1992). However, the Court has also held that the first prong, by itself, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence.A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,217, 579 A.2d 69 (1990).
CUTPA applies to the conduct of attorneys. Heslin v.Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, CT Page 92-K 515, 461 A.2d 918 (1983). While the Heslin decision "recognizes the potential liability of attorneys for violation of CUTPA, [it] does not mean that every claimant who alleges attorney misconduct states a cause of action under the act, nor that every dispute over the value of goods and services supports a claim for statutory recovery." Ivey, Barnum O'Mara v. IndianHarbor Properties, 190 Conn. 518, 537, 461 A.2d 1369 (1983).
There is currently a split in the Superior Court as to whether a single act can constitute a CUTPA violation.Gustafson v. Young, 12 Conn. L. Rptr. 105, 106 (1994) (Teller, J.). Although the majority of the trial courts have held that "a litigant need not allege more than a single transaction upon which to base a CUTPA claim"; id.; this court does not need to decide that issue in the present case. The plaintiff has alleged that the defendants committed numerous acts, not a single, isolated act. For example, the plaintiff alleges that the defendants held themselves out as particularly skilled in commercial law and bankruptcy, that they repeatedly advised the plaintiff they were filing all necessary papers, that they repeatedly assured plaintiff that they were attending all hearings, CT Page 92-L that they actually filed an untimely Proof of Claim in the bankruptcy proceedings on behalf of the plaintiff, that they never disclosed the late filing to the plaintiff, and that even after the judgment barring the plaintiff's claim the defendants did not advise him of his rights to challenge the order.
Courts have found a variety of alleged acts of attorneys supporting a CUTPA violation. See, e.g., Gustafson v.Young, 12 Conn. L. Rptr. 105 (1994) (Teller, J.) (attorney improperly prepared a lease and purchase agreement, failed to disclose a conflict of interest, and improperly altered signed documents after a closing); Klingeman v. Sakal, 9 CONN. L. RPTR. 105,8 CSCR 928 (1993) (Leheny, J.) (attorneys failed to fully review settlement offers, failed to inform client of one settlement offer, and failed to call pertinent witnesses);Perna v. Gordon, 8 CSCR 1232 (1993) (Moraghan, J.) (attorney accepted retainer for work not done, allowed statute of limitations to run); Chapman v. Gould, Larson, Bennet Munro, 6 Conn. L. Rptr. 252 (1992) (Hurley, J.) (attorney failed to inform client of failure to perfect security interest);Presnick v. Delton Bond, 6 Conn. L. Rptr. 475 (1992) CT Page 92-M (Langenbach, J.) (attorney double billed, performed negligent work, and sent false bills); Jones v. Garson, 4 CONN. L. RPTR. 528, 6 CSCR 514 (1991) (Nigro, J.) (attorney misrepresented tax consequences of an irrevocable trust); Alderson v. Milwe, 2 CSCR 492
(1987) (Stodolink, J.) (attorney had a conflict of interest and did not fully disclose the conflict). But see,Noble v. Marshall, 23 Conn. App. 227, 231, 579 A.2d 594 (1990) (the Rules of Professional Conduct do not of themselves give rise to a cause of action, and no private cause of action under CUTPA is created).
Vasquez v. Reveron, 9 Conn. L. Rptr. 205
(1993) (Curran, J.), cited by the defendants, is distinguishable from the present case. First, the court in Vasquez found that the attorney had committed a single act of misconduct, and that a single act is insufficient to support a CUTPA violation. Id., 206. In the present case, the court has already determined that there were several acts committed by the defendants.
Second, the court found that the underlying act was a negligent act, and therefore, a violation of the first prong of CT Page 92-N the "cigarette rule", by itself, is insufficient to state a cause of action for CUTPA. Id., 206; see also, A-G Foods, Inc.v. Pepperidge Farm, Inc., supra, 216 Conn. 217. In the present case, while the failure to timely file the Notice of Claim on behalf of the plaintiff may be a negligent act, the plaintiff has also alleged that the defendants repeatedly told the plaintiff they had in fact filed all necessary paperwork, that they never did inform plaintiff that his claim was late, and that they did not advise him of his rights after the bankruptcy judgment was entered and he did not receive his payment.
If the ultimate trier of fact finds the plaintiff's allegations to be true, it is reasonable that such facts constitute violations of each of the three prongs of the "Cigarette rule". Therefore, the defendants' motion to strike count two is denied.