[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TOSTRIKE COUNT SIX OF SUBSTITUTE SECOND AMENDED COMPLAINT
This is a six count substitute amended complaint(sic) dated March 16, 1995 seeking damages from accountants alleging negligence, breach of contract, etc. CT Page 5780
Count Six is brought under CUTPA and alleges that the defendants made errors in completing certain state and federal estate tax returns resulting in an unwarranted tax liability to the plaintiffs of $120,000.00; that defendants knew or should have known of such errors, falsely represented the returns to be correct, advised the plaintiffs to sell their Cape Cod house to satisfy the large amount of taxes allegedly owed; that the house was sold in an unfavorable market; that defendant promised to correct the errors in the returns but failed to do so after a tax audit, continued to assure the plaintiffs that all errors were corrected and continued to charge plaintiffs for work already paid for. Plaintiffs further allege that they learned of the errors and the overpayment not from the defendants but a third party.
On April 7, 1995, defendants moved to strike Count Six and the ground that the CUTPA claim does not satisfy the "cigarette rule" and the claim is predicated on a single act.
 I.
In considering this motion to strike it is assumed that all prior motions to strike addressed to the CUTPA count in prior complaints are being withdrawn because they have been superseded.
 II.
Without going exhaustively into the "cigarette rule" set forth in A-G Foods Inc. v. Pepperidge Farm, Inc., 216 Conn. 200215 (1993) we view Count Six in the presentation of the CUTPA claim as setting forth a claim based on established concept of unfairness, alleging unethical conduct and claiming a substantial injury, thus meeting the essential elements of the test.
In Chapman v. Gould, Larsen, et al, 7 CSCR 488, Superior Court April 7, 1992, the failure of an attorney to inform a client that a security interest was deemed sufficient for CUTPA. In Taylor v. Frauenglass, 9 Conn. L. Rptr. 541 Superior Court September 13, 1993, the alleged failure of an attorney to file a deed for a client and a subsequent failure to inform the client of that fact was considered sufficient. In Jones v. Garson,6 CSCR 514, Superior Court April 25, 1991, allegations that an attorney misrepresented the tax consequences of an irrevocable trust was considered adequate to sustain a CUTPA claim. CT Page 5781
 III.
We have previously ruled in concert with a line of other Superior Court decisions that a single isolated act of misconduct in a real estate transaction was an insufficient basis for a CUTPA claim, Gleason v. Huntington Mortgage Co. et al, 1 Conn. Ops. 325, March 20, 1995 (Wagner, J.).
However, the allegations in Count Six cover a number of different claims which are alleged to have taken place in sequence and in bad faith. They are more than a single act and fairly meet the plural requirements of the phase "unfair or deceptive acts or practices in the conduct of any trade or commerce set forth in General Statutes § 42-110b(2).
Motion to strike Count Six is denied.
Wagner, J.